UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALLEN E. DORSETT, JR. | : | |
| | : | |
| v. | : | No. 5:12-cr-00401 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**O P I N I O N**
Motions for Compassionate Release, ECF Nos. 127, 137 - Dismissed without prejudice

**Joseph F. Leeson, Jr.**                                                             **December 11, 2020**
**United States District Judge**

**I.      INTRODUCTION**

Dorsett, who has served approximately two-thirds of his 180-month sentence for serious drug and firearms offenses, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing multiple medical conditions and the coronavirus pandemic. Although he first filed for compassionate release with the Bureau of Prisons ("BOP"), Dorsett did not appeal when the warden denied his request no less than two weeks later. Accordingly, he has not satisfied the exhaustion requirement of § 3582(c)(1)(A) and the motion is dismissed without prejudice for lack of jurisdiction.

**II.     BACKGROUND**

On August 8, 2012, an Indictment was filed against Dorsett charging him with two counts of distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute more than 28 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B);[1] possession with intent to distribute more than 28 grams of

---

[1]     Count Three of the Indictment.

cocaine base ("crack") within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 860; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On December 3, 2012, Dorsett entered a guilty plea to all charges except Count Three: possession with intent to distribute more than 28 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).[2]  On July 1, 2014, Dorsett was sentenced to a total term of 180 months (fifteen years) imprisonment, sixteen years of supervised release, and a $5,000 fine.  This sentence was below the Guidelines range of 262 to 327 months imprisonment.

On or about April 19, 2020, Dorsett filed a Request for Administrative Remedy (BP-9) with the BOP seeking "immediate compassionate release" under the CARES Act.[3]  *See* Mot. Ex. A1, ECF No. 127.  Within three weeks, the request was denied, with leave to resubmit within ten days, because Dorsett had not first attempted to informally resolve the matter.  *See id.* at Ex. A2.  On or about March 7, 2020, Dorsett resubmitted the Administrative Remedy providing proof that he had tried to informally resolve the issue.  *See id.* at Ex. B.  The Warden received the resubmitted Request for Administrative Remedy on May 20, 2020, and denied it the following day stating, *inter alia*, that Dorsett was a "Medium Security" level inmate and a "High Risk" recidivism level with a state detainer.  *See id.* at Ex. C.  The Warden's response advised Dorsett that he could appeal by filing a Regional Administrative Remedy Appeal (BP-10) within twenty days.  *Id.*  No appeal was filed.

Rather, Dorsett filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in this Court.  *See* Mot.; Supp. Mot., ECF No. 137.  He argues that there are

---

[2]      Count Three was subsequently dismissed upon motion of the Government.
[3]      Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).

extraordinary and compelling reasons to reduce his sentence because his multiple medical conditions place him at a high risk for serious complications and/or death if he contracts COVID-19.  Dorsett contends that his behavior and program participation while incarcerated show that he does not pose a danger to public safety if released.  If released, Dorsett intends to reside with his mother and to self-isolate.

Noting that Dorsett was living with his mother at the time he committed the drug-trafficking activities in this case, the Government opposes the motion.  *See* Resp., ECF Nos. 129-130.  The Government points out that Dorsett has more than five years remaining on his fifteen-year sentence and argues that he poses a significant danger if released.  Dorsett had six felony drug-trafficking convictions before the instant offense, which involved two purchases of crack cocaine by an undercover police officer and the execution of a search warrant that uncovered additional "crack" cocaine packaged for distribution, drug paraphernalia, and two loaded firearms.  The Government asserts that the danger Dorsett poses if released outweighs the enhanced risks his medical conditions create.  Further, the Government submits that these conditions are being well-managed[4] during his incarceration.  *See also* BOP Medical Records, ECF No. 131.  It also highlights the significant measures the BOP has taken to protect the health of inmates during the COVID-19 pandemic, such as modified operations and transferring and increased number of inmates to home confinement.[5]

---

[4]  *See United States v. Pangelinan*, No. 17-483, 2020 U.S. Dist. LEXIS 121710, at *4-5 (E.D. Pa. July 9, 2020) (denying the motion for compassionate release where there was no evidence that the prisoner's medical conditions were not being appropriately managed by the prison).

[5]  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

### III.   LEGAL STANDARDS

The First Step Act empowers criminal defendants to request compassionate release with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* 18 U.S.C. § 3582(c)(1)(A).[6] "Courts have interpreted the [Act] to mean that . . . a defendant must wait to file a motion with this Court until either [1] his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal or [2] thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first." *United States v. Early*, No. 19-92, 2020 U.S. Dist. LEXIS 89406, at *6-7 (W.D. Pa. May 21, 2020) (emphasis in original) (citing *United States v. Nance*, No. 7:92CR00135, 2020 U.S. Dist. LEXIS 4429 (W.D. Va. Jan. 10, 2020)).

This exhaustion requirement is not excused by the risks COVID-19 poses in the federal prison system. *See Raia*, 954 F.3d at 595-97. Rather, "[g]iven BOP's shared desire for a safe and healthy prison environment," the Third Circuit Court of Appeal has "conclude[d] that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical— importance." *Id.* at 597. *See also United States v. Saxon*, No. 3:17-CR-128, 2020 U.S. Dist. LEXIS 140242, at *21-22 (M.D. Pa. Aug. 6, 2020) (holding "that exhaustion of administrative remedies is mandatory under 18 U.S.C. § 3582(c)(1)").

Similar to § 3582(c)(1)(A), BOP Program Statement 5050.50 provides that an inmate may file a compassionate release motion with the sentencing court only "after receiving a BP-11

---

[6]   Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA"), but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

response . . . from the General Counsel . . . or the lapse of 30 days from the receipt of such a request by the Warden of the inmate's facility, whichever is earlier."  A BP-11 response is the final step in the administrative appeal process.  Under the BOP's administrative remedy process, an inmate must "first present an issue of concern informally to staff."  *See* BOP Program Statement 1330.18 (describing the administrative remedy process).  If the inmate is not satisfied, the inmate may then submit a formal written Administrative Remedy Request to the warden using form BP-9.  *See id.*  An "inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director."  *See id.*  Then, "an inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel."  *See id.*

     Once a defendant satisfies the exhaustion requirement, the court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). *See also* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").  Section 1B1.13 of the United States Sentencing Guidelines provides that the court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction; . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and []

the reduction is consistent with this policy statement." 18 U.S.C. Appx. § 1B1.13. The

Sentencing Commission has identified the medical condition of a defendant as an extraordinary

and compelling reason if:

> (i)  The defendant is suffering from a terminal illness . . . .
> (ii) The defendant is—
>> (I)   suffering from a serious physical or medical condition,
>> (II)  suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.*, App. Note 1.

## IV.  ANALYSIS

This Court lacks jurisdiction to consider the merits of Dorsett's motion for compassionate

release because he failed to satisfy the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

*See Raia*, 954 F.3d at 595-97.  Dorsett filed for compassionate release[7] with the BOP (using

---

[7]  Although the Request for Administrative Remedy cited to the CARES Act, the warden construed Dorsett's request as seeking immediate compassionate release. *See* Mot. Ex. C.  This Court also considers the request as one seeking compassionate release, as opposed to a request for relief under the CARES Act.

In the event Dorsett is seeking relief under the CARES Act, this Court lacks jurisdiction to review the BOP's decision whether to grant relief under that Act.  *See* CARES Act § 12003(b)(2) (allowing *the Director of the Bureau of Prisons* to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2)).  The "BOP has sole authority to determine which inmates to move to home confinement under 18 U.S.C. § 3624(c)(2)," *see United States v. Ramirez-Ortega*, No. 11-251, 2020 U.S. Dist. LEXIS 148629, at *8 (E.D. Pa. Aug. 14, 2020), and nothing in the CARES Act gives this Court the authority to transfer a prisoner to home confinement, *see* 18 U.S.C. § 3621(b)(5) (stating that the BOP's designation with regard to home confinement "is not reviewable by any court"); *United States v. Pettiway*, No. 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act. This discretion rests solely with the Attorney General and the BOP Director." (internal citations omitted)).

form BP-9), which the Warden denied within thirty days.  Accordingly, Dorsett had to complete the administrative appeal process.  *See United States v. Early*, No. 19-92, 2020 U.S. Dist. LEXIS 89406, at *8 (W.D. Pa. May 21, 2020) (concluding that because the warden denied the defendant's compassionate release request within thirty days, the defendant had to complete the administrative appeals process).  However, by not appealing the Warden's decision to the Regional Director (form BP-10) and thereafter appealing to the General Counsel (form BP-11), Dorsett did not complete the last two steps of the administrative remedy process.  Because Dorsett has not satisfied the exhaustion requirement of § 3582(c)(1)(A), this Court lacks jurisdiction to consider the motion for compassionate release.  *See United States v. Lombardo*, No. 3:15-CR-286, 2020 U.S. Dist. LEXIS 137275, at *15-16 (M.D. Pa. Aug. 3, 2020) (dismissing the motion for compassionate release without prejudice for lack of jurisdiction due to the defendant's failure to appeal the warden's decision as provided by BOP Program Statement No. 5050.50, i.e. the use of forms BP-9 through BP-11); *Chaparro v. Ortiz*, No. 20-5272 (NLH), 2020 U.S. Dist. LEXIS 131054, at *10-14 (D.N.J. July 24, 2020) (dismissing the petition for compassionate release for lack of jurisdiction and failure to exhaust because the defendant did not appeal from the warden's response).  The motion is dismissed without prejudice.

**V.    CONCLUSION**

Although Dorsett filed a request for compassionate release with the BOP, because it was denied within thirty days Dorsett had to complete the administrative appeals process before filing a motion for compassionate release in this Court.  He did not and therefore failed to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  Consequently, this Court lacks

jurisdiction to decide his motion for compassionate release.[8]  The motion is dismissed without prejudice.

   A separate Order follows.

                 BY THE COURT:

                 */s/ Joseph F. Leeson, Jr.*
                 JOSEPH F. LEESON, JR.
                 United States District Judge

---

[8]  If the Court could entertain the motion, it does not appear that a reduction in sentence at this time would be consistent with applicable policy statements issued by the Sentencing Commission because of the danger Dorsett poses if released.  *See United States v. Williams*, No. 15-471-3, 2020 U.S. Dist. LEXIS 147664, at *10 (E.D. Pa. Aug. 17, 2020) ("In order to find compelling and extraordinary reasons, the policy statement additionally requires a court to find that a defendant is 'not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)'" (quoting 18 U.S.C. Appx. § 1B1.13(2))).  Dorsett contends that he only has "two significant write ups in the last nine years."  *See* Mot. 7.  But with seven felony drug convictions, as well as firearms convictions, the Court is not convinced that he will not reoffend.  *See United States v. Brinson*, No. 15-87, 2020 U.S. Dist. LEXIS 146341, at *15-16 (W.D. Pa. Aug. 14, 2020) (considering the defendant's criminal history involving both gun and drug offenses, "the Court cannot confidently conclude that Defendant will not commit similar offenses which will endanger the community if he is released").